1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  BRIAN J. STRETCH (CSBN 163973)
   Chief, Criminal Division
3  NATALIE K. WIGHT (ORSBN 35576)
   Special Assistant United States Attorney
4      450 Golden Gate Avenue, 11th Floor
       San Francisco, CA 94102
5      Telephone: 415.436.6937
       Facsimile: 415.436.7234
6      Email: natalie.wight@usdoj.gov

7  Attorneys for Plaintiff

8  JOSEPH D. ELFORD (CSBN 189934)
       1322 Webster Street, Suite 402
9      Oakland, CA 94612
       Telephone: 415.573.7842
10     Facsimile: 510.251.2036
       Email: joeelford@yahoo.com
11
    Attorney for Claimant, Ciciriello
12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16

| UNITED STATES OF AMERICA, | ) | **No.** 09-CV-3963-EMC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| APPROXIMATELY $183,820 IN UNITED STATES CURRENCY AND $34,000 IN UNITED STATES CURRENCY, | ) ) ) ) | JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROP~~OS~~ED] ORDER TO RESCHEDULE CMC |
| Defendant. | ) | |

**I.    Jurisdiction**

This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355; and Title 21, United States Code, Section 881.

**II.   Brief Case Description**

This is a civil forfeiture action. The government contends there is sufficient evidence to show the defendant currency was seized as money furnished or intended to be furnished by a

person in exchange for a controlled substance, or money traceable to such an exchange, or money used or intended to be used to facilitate a violation of Title 21, United States Code, Chapter 13, Subchapter I, and is thus subject to forfeiture.

Claimant, Gary Ciciriello, denies the claims made by the United States and asserts that the government has failed to state a claim upon which relief can be granted and that the property was seized in violation of Mr. Ciciriello's right to be free from unlawful searches and seizures.

### III.    Service/Parties to the Action

All persons known to have an interest in the defendant property have been served, including Peter Flax, Carl Grimm, Gary Ciciriello and Mr. Ciciriello's attorney, Joseph Elford. Mr. Elford filed a verified claim and answer on behalf of Mr. Ciciriello on September 25, 2009, and October 15, 2009, respectively.  To date, no other claims have been filed.

### IV.    Principal Factual and Legal Issues

The principal factual and legal issues in dispute are: (1) whether claimant Gary Ciciriello can prove that the government failed to state a claim upon which relief can be granted or that the defendant property was seized in violation of claimant's right to be free from unlawful searches and seizures; and (2) whether the government can establish by a preponderance of the evidence that the defendant currency is money furnished or intended to be furnished by a person in exchange for a controlled substance, or money traceable to such an exchange, or money used or intended to be used to facilitate a drug violation of Title 21, United States Code, Chapter 13, Subchapter I.

### V.    Anticipated Motions

The related criminal investigation of Mr. Ciciriello is on-going and being reviewed by local law enforcement and the local prosecutors's office; therefore, the parties recommend a 30-day continuance of the Case Management Conference.  If the local authorities pursue prosecution of Mr. Ciciriello, the United States will file a 18 U.S.C. §981(g)(1) motion to stay federal civil forfeiture proceedings.  Additionally, the government may file a motion to dismiss the claimant's §1983 counter-claim as improperly brought in this in rem forfeiture action.

JOINT CMC STATEMENT
C 09-3963-EMC                                                                                                    2

**VI.	Relief/Damages**

The government seeks a judgment of forfeiture of the defendant currency. Claimant seeks return of the defendant currency, interest, attorney's fees, damages and attorney's fees for 42 U.S.C. §1983 violations, and other such relief that is just and equitable.

**VII.	Settlement**

The parties have briefly discussed settlement but no settlement has been reached at this time.

**VIII.	Discovery**

Both parties anticipate to propound discovery in this case (interrogatories, document requests and depositions); however, the discovery time line will be determined by the Court and the possible request for a stay pending the results of the open criminal investigation of claimant Ciciriello.

**IX.	Alternative Means of Disposition**

At this time the parties do not request reference to arbitration or to a United States Magistrate Judge for trial.

**X.	Pretrial/Trial Issues**

At this time the parties have not yet discussed any trial issues.

**XI.	Class Action**

This is not a class action.

**XII.	Related Cases**

At this time no related cases have been filed.

DATED: February 24, 2010             _____/S/_____
                                      NATALIE K. WIGHT
                                      Special Assistant United States Attorney

DATED: February 24, 2010             _____/S/_____
                                      JOSEPH D. ELFORD
                                      Attorney for Claimant Gary Ciciriello

JOINT CMC STATEMENT
C 09-3963-EMC                                                                    3

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties in the Joint CMC Statement and for good cause shown, the Case Management Conference currently scheduled for Wednesday, March 3, 2010, at 2:30 p.m., is hereby vacated, and is continued until 4/21/10 at 2:30 p.m.  A joint cmc statement shall be filed by 4/14/10.

IT IS SO ORDERED.

Dated: 3/1/2010

_____
HONORABLE EDWARD M. CHEN
United States Magistrate Judge



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen